## Michael Costello and Rich Costello, trading as Costello Brothers, Defendants in Error, v. F. A. Delano et al., Receivers, Plaintiffs in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Moultrie county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915. Rehearing denied December 11, 1915.

### Statement of the Case.

Action by Michael Costello and Rich Costello, partners, trading under the firm name and style of Costello Brothers, plaintiffs, against F. A. Delano, W. K. Bixby and E. B. Pryor, as receivers of the Wabash Railroad Company, defendants, to recover for work done under a railroad construction contract. From a verdict for plaintiffs, defendants bring writ of error.

CREA & HOUSUM and E. J. MILLER, for plaintiffs in error; J. L. MINNIS and N. S. BROWN, of counsel.

VAUSE, HUGHES & KIGER and F. J. THOMPSON, for defendants in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. CONTRACTS, § 16*—*how construction contract construed.* A railroad construction contract providing that whenever the term "engineer" was used therein it was intended to mean the chief engineer of the receivers of the railroad, or his duly authorized agents, and that monthly estimates should be made by the "engineer," and that upon completion and acceptance of the work a final estimate should be issued for the same, construed as meaning that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the final estimate also might be made by the chief engineer or his authorized agent or assistant.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 65*—*what is effect of final estimate of authorized engineer.* The final estimate of an authorized engineer under a construction contract is binding unless inaccurately or fraudulently made.

3. ARCHITECTS AND ENGINEERS, § 65*—*how final estimate of engineer impeached.* The final estimate of an authorized engineer can only be impeached for fraud in an action at law.

4. BUILDING AND CONSTRUCTION CONTRACTS, § 95*—*who has burden to prove fraud on part of engineer.* In an action to recover on a railroad construction contract, where the defense is fraud on the part of the engineer in making the final estimate, the burden of proving fraud is on the defendant.

5. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when evidence insufficient to show.* In an action to recover on a railroad construction contract, where the defense was fraud on the part of the engineer in making the final estimate, evidence *held* sufficient to sustain a finding that the final estimate was not fraudulently made.

6. BUILDING AND CONSTRUCTION CONTRACTS, § 105*—*when instruction not erroneous as assuming disputed facts.* In an action to recover on a railroad construction contract where the defense was fraud on part of the engineer in making the final estimate, an instruction that evidence that the amount of work certified by the engineer was greater than that actually performed, or that he erred in accepting or rejecting work, would not impeach his final estimate for fraud, *held* not erroneous as assuming that the estimate made by the engineer was a final settlement within the meaning of the contract.

7. APPEAL AND ERROR, § 1640*—*when error in giving instruction assuming facts cured.* Any error in giving an instruction assuming facts is cured by other instructions directing the jury to disregard any expression in the instructions that seemed to be an assumption of fact.

8. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when evidence insufficient to establish fraud by engineer.* In an action to recover on a railroad construction contract, where the defense is fraud on part of the engineer in making his final estimate, evidence that the amount of work certified by the engineer was greater than that actually performed, or that he erred in accepting or rejecting work, is insufficient to establish fraud in making such estimate.

9. FRAUD, § 87*—*when not presumed.* Fraud will not be presumed from mere proof of mistake.

10. BUILDING AND CONSTRUCTION CONTRACTS, § 105*—*when instruc-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
     Vol. CCI 2

*tions not conflicting.* In an action to recover on a railroad construction contract, where the defense was fraud on the part of the engineer in making his final estimate, an instruction that evidence that the amount of the work certified by the engineer was greater than that actually performed, or that he erred in accepting or rejecting work, would not impeach his final estimate for fraud, *held* not in conflict with two instructions based on a disregard of duty by the engineer given for plaintiff in error.

11. APPEAL AND ERROR, § 1241*—*when party may not complain of conflict in instructions.* The plaintiff in error may not complain of the conflict between incorrect instructions given at his instance and a correct instruction given for the adverse party.

12. FRAUD, § 133*—*when instruction correct.* An instruction that fraud is never presumed, and that when any transaction is capable of two constructions, one that it is honest, and one that it is dishonest, it will be presumed to be honest, *held* correct.

13. BUILDING AND CONSTRUCTION CONTRACTS, § 105*—*when instruction not erroneous.* In an action to recover on a railroad construction contract, where the defense was fraud on the part of the engineer in making his final estimate, an instruction on the measure of damages, *held* not erroneous as assuming facts or as telling the jury that plaintiffs admitted having received pay for a certain amount of work.

14. BUILDING AND CONSTRUCTION CONTRACTS, § 115*—*when instruction on measure of damages correct.* In an action to recover on a written railroad construction contract, an instruction on the measure of damages informing the jury that plaintiffs were entitled to recover interest on such amount as was found due on the contract sued on, *held* correct.

15. INTEREST, § 8*—*when recoverable.* A person entitled to recover on a written contract is entitled to interest at the rate of five per cent. per annum from the time it became due.

16. INSTRUCTIONS, § 137*—*when properly refused.* Requested instructions based upon a misconstruction of a contract sued on are properly refused.

17. INSTRUCTIONS, § 151*—*when properly refused.* It is not error to refuse cumulative instructions.

18. NEW TRIAL, § 67*—*when motion for on ground of newly-discovered evidence allowed.* Before a motion for a new trial based on newly-discovered evidence can properly be allowed, the party urging it must show that he has exercised diligence to find out, first, what the true facts are that it will be competent and necessary to establish by his proof in order that the court and jury may be fully advised as to the real merits of the controversy; second, who

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

knows these facts; third, where the persons are who know the facts; fourth, to obtain the presence of such persons in court as witnesses at the trial or to procure their depositions.

19. NEW TRIAL, § 102*—*when affidavit in support of motion for new trial on ground of newly-discovered evidence insufficient.* An affidavit by a clerk of the defendant in support of a motion for new trial on the ground of newly-discovered evidence, *held* insufficient.